UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JULIE KJOME PROCTOR, ET AL.                CIVIL ACTION

v.                                          NO. 06-5145

THE STATE FARM COMPANIES                    SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion is DENIED.

Background

The facts of this case are outlined in the Court's Order of February 5, 2007, in which the Court granted the defendants' motion to dismiss.[1]  The Court found no ambiguities when it interpreted the homeowner's policy at issue in its entirety and that the plain language of the policy clearly precluded independent coverage for the plaintiffs' trees, shrubs, and lawns damaged by hurricane wind and rain.  The plaintiffs now move the Court to reconsider this ruling, arguing that the Court did not consider the plaintiffs' extrinsic evidence; that is, the Court did not consider the

---

[1] Although fashioned as a motion to dismiss, the Court treated the motion as a motion for summary judgment.

1

"reasonableness" of the plaintiffs' expectations and dealings with State Farm.

I.

Because of interest in finality, motions for a new trial or amendment of judgment under Rule 59 may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

II.

In granting dismissal, this Court relied on long-held rules for contract interpretation under Louisiana law. State law instructs courts to construe insurance policies as a whole, LA. CIV. CODE art. 2050, and to enforce policy language as written when the words are clear and unambiguous and lead to no absurd consequences.

LA. CIV. CODE art. 2046; see also Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So. 2d 981, 985 (La. 1991). The plaintiffs request that this Court examine extrinsic evidence to interpret their contract with State Farm for homeowner's insurance. But the Court may not consider extrinsic evidence when interpreting contracts unless it finds the policy to be ambiguous. Here, the Court found no ambiguities in the policy and was, therefore, not required to consider the expectations of the parties or any other extrinsic evidence.

While the plaintiffs may disagree with this Court's finding, the plaintiffs raise no new arguments and appear to desire to relitigate the same issue raised in the motion to dismiss. The plaintiffs have not presented a mistake of law or fact that would entitle them to the extraordinary remedy that Rule 59 is designed to provide.

Accordingly,

IT IS ORDERED: that the plaintiffs' motion for a new trial is DENIED.

New Orleans, Louisiana, May 16, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE